**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 01-40537**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**ANA LUISA IBARRA,**

**Defendant-Appellant.**

---

Appeal from the United States District Court
For the Southern District of Texas

---

March 26, 2002

Before HIGGINBOTHAM, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:

Ana Luisa Ibarra was convicted, after a jury trial, of: (1) conspiracy to possess less than 50 kilograms of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), 846; (2) possession with intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D); and (3) possession of approximately 5 grams of cocaine in violation of 21 U.S.C. § 844(a). Ibarra's conviction was based on evidence collected pursuant to a consent search of her domicile.

Ibarra was living in a condominium which she shared with her brother, Orlando, and with her other brother, Andres's, girlfriend and son. The search was initiated to discover whether Andres Ibarra, a fugitive, was hiding in the residence. While searching for Andres, the officers discovered a sizable arsenal that included: (1) a Remington 522 Viper .22 caliber semiautomatic rifle with silencer; (2) a Mossberg Model 500A 12-gauge pump-action shotgun with pistol grip; (3) a Norinco MHM 90 machine gun modified for full auto function and with a shortened barrel; (4) a Norinco SKS semiautomatic rifle with folding bayonet; (5) a Colt Sporter Competition H-2 semiautomatic rifle; (6) a semiautomatic pistol; (7) a Colt AR-15 nine millimeter carbine with shortened barrel and muzzle attachment; (8) a Bushmaster Model XM-15E2S with a full auto modification, found in the Appellant's room between the box spring and the mattress; (9) a magazine for this weapon, located in the Appellant's dresser; and (10) five or six banana clips, found in a bandolier behind the Appellant's dresser.

A canine unit (trained to detect humans as well as drugs) revealed the following narcotics and related materials: (1) marijuana stems or seeds in the toilet of the downstairs bathroom; (2) a small plastic bag containing marijuana, found in the Appellant's dresser; (3) three half-smoked marijuana cigarettes; (4) a plastic bag with a folded dollar bill coated with cocaine; (5) a similar folded dollar bill coated with cocaine; (6) a plastic

cup containing cocaine; (7) two large bundles of marijuana, found in the garage; (8) rolls of plastic wrap, scales and grease canisters; (9) over $5,000 cash found on the Appellant's bed; and (10) two stolen police radios.  The Appellant gave different stories as to where the money came from claiming it was from a paycheck but later claiming it was from collecting on an insurance policy.  The Appellant also volunteered that the cocaine found was for her personal use as a "recreational user."

Further investigation indicated that the Appellant utilized falsified temporary tags on a Camaro and Cadillac that were parked at the condominium.[1]  At trial, auto dealers testified that the information on these tags indicating that they had sold these cars was incorrect.

On appeal, Ibarra contends that the evidence is insufficient to support her conspiracy and possession convictions.  She also alleges that there was prosecutorial misconduct due to allegedly improperly elicited testimony and because admissible firearms and marijuana remained in the view of the jury after they had served their purpose as evidence.

When reviewing a sufficiency of the evidence claim, this Court considers "the evidence, all reasonable inferences drawn from it and all credibility determinations in the light most favorable to the Government, and affirm[s] if a reasonable jury could find the

---

[1]The practice of illegally using temporary license tags is apparently common in the drug trade.

offense's essential elements beyond a reasonable doubt." ***United States v. Medina***, 161 F.3d 867, 872 (5th Cir. 1998). "We recognize that the jury was free to choose among all reasonable constructions of the evidence, and we accept all credibility choices that tend to support the jury's verdict." ***United States v. Dean***, 59 F.3d 1479, 1484 (5th Cir. 1995). After carefully reviewing the evidence, we conclude that there exists sufficient evidence to support Ibarra's conviction on the conspiracy and possession counts of her indictment.

Ibarra also argues that various events, attributable to the prosecution, were misconduct and require a reversal of her conviction. These events pertain specifically to the testimony elicited at trial from two officers and a former employer of the Appellant's. "For prosecutorial misconduct in the form of improper comment or questioning to represent reversible error, it generally 'must be so pronounced and persistent that it permeates the entire atmosphere of the trial.'" ***United States v. Castillo***, 77 F.3d 1480, 1497 (5th Cir. 1996) (quoting ***United States v. Iredia***, 866 F.2d 114, 117 (5th Cir. 1989)). After reviewing the testimony of these witnesses and the circumstances surrounding the testimony, we find that there were no improper comments or questions that rise to the level of being "pronounced" or "persistent" enough to permeate the trial such that reversal is necessary. We therefore find no reversible error in any of the district court's rulings.

Finally, Ibarra argues that the placement of the assorted firearms and marijuana in direct view of the jury constituted prosecutorial misconduct. The firearms, however, were placed at the district court's, not prosecution's, direction and the Appellant's counsel was asked whether or not he wanted the weapons put elsewhere. The Appellant's counsel then waited until after the first day of trial to object, at which point the firearms were removed. As such, we find no misconduct present on the part of the prosecution as to the firearms. As for the marijuana, this Court, in *United States v. Ramos Rodriguez*, rejected a defendant's challenge to marijuana placed on counsel's table in the view of the jury for the entire trial. 926 F.2d 418, 420-21 (5th Cir. 1991). Though that case was based on the marijuana being unduly prejudicial and violative of due process rights, the Appellant is essentially making the same claim here in the form of a "prosecutorial misconduct" claim. As such, we find that the prosecution did not commit prosecutorial misconduct.

## CONCLUSION

Having carefully reviewed the record of this case and the parties' respective briefing and for the reasons set forth above, we conclude that the jury was presented with sufficient evidence on which to convict Ibarra and that no prosecutorial misconduct took place during the trial and no reversible error exists with regards

to the district court's rulings.  We therefore AFFIRM the Appellant's conviction.

**AFFIRMED.**