United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2007

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60549
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD WAYNE SHUGART,

Defendant-Appellant.

On Appeal from the United States District Court
for the Southern District of Mississippi
No. 5:05-CR6DCB-JCS

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit
Judges.

PER CURIAM:[*]

Appellant Ronald Wayne Shugart appeals his kidnapping and
carjacking convictions. Finding no reversible error, we AFFIRM.

## BACKGROUND

Shugart and his accomplice, Annette Thiem, were traveling
from Texas to South Carolina when Shugart's truck broke down near
Vicksburg, Mississippi. After being refused a ride by seventeen-
year-old James "Shane" Gilmore and his fifteen-year-old girlfriend,
Heather Pritchard, Shugart forced the teenagers into Pritchard's
Dodge Neon at knife point. Shugart picked up Thiem, and they drove

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

with the teenagers to South Carolina in the Neon.  At some point, Thiem robbed the teenagers of their wallets and cell phone. Shugart and Thiem were arrested after a minor car accident with another vehicle, when the teenagers alerted emergency personnel of their abduction.

After a three-day jury trial, Shugart was convicted of carjacking, in violation of 18 U.S.C. § 2119.  The jury was unable to reach a verdict on the kidnapping count, but, upon retrial, Shugart was also convicted of kidnapping, in violation of 18 U.S.C. § 1201(a).  He now appeals.

## DISCUSSION

Shugart argues that the district court erred by admitting evidence of the carjacking and robbery at his kidnapping retrial. However, the evidence was "part of a single criminal episode," and therefore was intrinsic to the kidnapping charge.  United States v. Miranda, 248 F.3d 434, 440 (5th Cir. 2001).  Additionally, because kidnapping and carjacking have distinctive elements, there is no double jeopardy violation.  See Henderson v. Quarterman, 460 F.3d 654, 662-63 (5th Cir. 2006) (citing Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932)).

Shugart next argues that he was prejudiced by two references the prosecution made to his Aryan Nation membership. Even assuming the remarks were improper, there is no reversible error.  The statements did not affect Shugart's substantial rights,

2

as they were not "so pronounced and persistent that it permeate[d] the entire atmosphere of the trial." United States v. Ibarra, 286 F.3d 795, 798 (5th Cir. 2002). Moreover, the trial court granted Shugart all the relief he requested at trial by sustaining his objections and instructing the jury to disregard the remarks.

Shugart also contends it was error to admit the statements Gilmore and Pritchard made to emergency personnel. The statements, however, were made immediately after the car accident, while the teenagers were still in Shugart's clutches; they were plainly admissible as excited utterances. See FED. R. EVID. 803(2).

Contrary to Shugart's assertions, the interstate nexus elements of both statutes were satisfied. Shugart drove the captive teenagers from Mississippi to South Carolina, satisfying the kidnapping statute, 18 U.S.C. § 1201(a). Additionally, the prosecution adduced at trial that Pritchard's Neon had previously traveled on family trips to Louisiana, Tennessee, and Arkansas, thus satisfying the carjacking statute, 18 U.S.C. § 2119. See United States v. Morgan, 238 F.3d 1180, 1186 (9th Cir. 2001).

Finally, the carjacking statute is not unconstitutionally vague. United States v. Harris, 25 F.3d 1275, 1280 (5th Cir. 1994).

Because Shugart's contentions are meritless, the district court's judgment is **AFFIRMED.**

3